IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:23-CR-00013-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| PAUL GORDON DAY, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the Court on a *pro se* letter ("Letter") from Defendant. Doc. 52. The Letter is undated but appears to have been postmarked on August 25, 2023. It was docketed on August 28, 2023 by the Clerk's office after the conclusion of a status conference that was conducted earlier that day.

The undersigned reads the Letter primarily as being a request that the Court order the United States Marshal's Service to transfer Defendant to a different facility pending trial.

While the Letter makes some reference to Defendant's counsel, Defendant does not ask for a new attorney.

Similarly, while Defendant, at one point in the Letter, states he may "potentially" wish to represent himself, such a statement is not a sufficient invocation of Defendant's right to self-representation. See United States v. Bernard, 708 F.3d 583, 588 (4th Cir. 2013) (stating that a criminal defendant

1

"may waive the right to counsel and proceed at trial pro se only if the waiver is (1) clear and unequivocal, (2) knowing, intelligent, and voluntary, and (3) timely").

Further, while the undersigned was not aware of the Letter during the status conference on August 28, 2023, Defendant was aware it had been sent. However, Defendant did not raise any of the issues associated with the Letter during the status conference, or otherwise make the Court aware of the existence of the Letter at that time.

Accordingly, to the extent that Defendant's *pro se* letter (Doc. 52) can be construed as a motion, it is **DENIED**. See Order filed on July 7, 2023 (Doc. 29).

It is so ordered.

Signed: August 29, 2023

W. Carleton Metcalf
United States Magistrate Judge