IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:23-CR-00013-MR-WCM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| PAUL GORDON DAY, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on Defendant's "Motion to Request 2nd Federal Detention Hearing" (the "Motion to Reopen"). Doc. 72.

I. Relevant Procedural History

In a Bill of Indictment filed on February 8, 2023, Defendant was charged with one count of bank robbery and one count of knowingly using, carrying, possessing, and brandishing a firearm in furtherance of a crime of violence. Doc. 1.

On February 27, 2023, Defendant made an initial appearance at which time the Government moved for detention and for a continuance of the detention hearing.

On March 3, 2023, arraignment and detention hearings were conducted. Defendant was detained following the presentation of evidence and argument.

1

Subsequently, Defendant submitted multiple *pro se* letters requesting a "second detention hearing." Docs. 13, 14, 28, 31. Those requests were denied because Defendant was represented by counsel at the time.

On October 24, 2023, the Court granted Defendant's request to represent himself, and also appointed standby counsel for Defendant. Doc. 64.

On November 3, 2023, the Motion to Reopen was docketed. Doc. 72.

The Government responded in opposition on November 7, 2023. Doc. 76.

## II. Legal Standard

In order for a detention hearing to be reopened, the court must find "that information exists that was not known to the movant" at the time of the detention hearing and that the information "has a material bearing" on the issue of whether there are conditions of release that will reasonably assure the defendant's appearance as required and the safety of any other person and the community. 18 U.S.C. § 3142(f)(2)(B).

As one court has explained, the second condition requires more than the production of evidence that simply relates in some way to the detention decision; it requires a defendant to present "evidence that, if true, affects the outcome of the Court's pre-trial detention inquiry under the Bail Reform Act."

2

United States v. Chansley, No. 21-CR-3 (RCL), 2021 WL 2809436, at *3 (D.D.C. July 6, 2021).

However, even where these conditions have been satisfied, the court retains the discretion to determine whether to reopen the hearing. United States v. Rivers, No. 19-20492, 2021 WL 5234516, at *1 (E.D. Mich. Nov. 10, 2021) (where the two conditions are met "[a] district court has discretion—but is not required—to reopen a detention hearing") (citing 18 U.S.C. § 3142(f)(2)(B) and United States v. Watson, 475 F. App'x 598, 600 (6th Cir. 2012)).

### III. Discussion

#### A. The March 3, 2023 Detention Hearing

The Government's evidence at the detention hearing included the Pretrial Services Report (Doc. 8) and the testimony of FBI Special Agent William Gang.

Because there was probable cause to believe that Defendant had committed an offense under 18 U.S.C. § 924(c), a rebuttable presumption existed that no condition or combination of conditions would reasonably assure the appearance of Defendant as required and the safety of the community.

The undersigned found that Defendant had not introduced sufficient evidence to rebut the presumption, and, alternatively, that the Government

3

had shown by clear and convincing evidence that no condition or combination of conditions of release would reasonably assure the safety of any other person and the community and by a preponderance of the evidence that no condition or combination of conditions of release would reasonably assure Defendant's appearance as required.

The Court's detention order referenced the following reasons that supported detention: the weight of evidence against Defendant is strong; Defendant is subject to a lengthy period of incarceration if he is convicted; the lack of stable employment; the lack of a stable residence; the lack of community or family ties to this District; and background information that is unknown or unverified. Doc. 11 at 3.

### B. The Basis for the Motion to Reopen

In support of his request to reopen the detention hearing, Defendant states that "sober living" housing has been arranged, that he could afford a $100,000 bond or $10,000 cash payment to ensure his appearance, and that he has a serious medical condition involving gastric ulcers that "don't respond to typical prescription + over-the-counter medications" but that the detention center is unwilling to provide treatment in the form of "cabbage juicing." Doc. 72 at 1.

Defendant also argues that the weight of the evidence in this case should be reconsidered in light of information presented during a hearing on his Motions to Suppress. Id. at 1–2.

Defendant asks the Court to consider the time he spent in custody and his "serious + untreated medical condition." Id. at 2.

Finally, Defendant asks the Court to consider that he no longer owns a vehicle or maintains a residence in Tennessee. Id.

### C. Analysis

Having considered the record, including the previous detention order and the reasons supporting that decision, including as discussed orally at the conclusion of the detention hearing, the undersigned finds that the Motion to Reopen should be denied.

As an initial matter, Defendant has not sufficiently demonstrated that much of the information he cites in support of the Motion to Reopen was unknown to him at the time of the detention hearing.

Because Defendant did not request a pretrial interview before the detention hearing, the Pretrial Services Report did not include information about several topics, including but not limited to Defendant's financial assets and liabilities, physical health, substance abuse history, and mental health history. Further, Defendant, who was represented by counsel at the time, did not present evidence during the detention hearing.

5

Defendant has not explained when he learned of his alleged serious medical condition or why his lack of a vehicle or a residence in Tennessee should be considered to be new information upon which the Court should revisit its conclusion regarding pretrial detention.

However, even if the information referenced by the Motion to Reopen was unknown to Defendant at the time of the detention hearing, the information does not have a material bearing on the Court's prior detention decision.

The undersigned is not persuaded that the evidence presented during the hearings on Defendant's Motions to Suppress, all of which the undersigned has recommended be denied, is inconsistent with the evidence the Government presented during the detention hearing.

Next, to the extent Defendant has medical issues that require treatment, the record does not give the Court reason to believe those issues cannot be treated appropriately while Defendant is in custody.

Also, while Defendant states that he has arranged to reside at a "sober living" facility and that he has some funds available for a bond, he does not address his status relative to other charges. Specifically, the Government's evidence at the detention hearing indicated that Defendant was being held on a $500,000 state bond and the Pretrial Services Report indicated that a

warrant for Defendant remained outstanding in Nashville, Tennessee on a charge of aggravated assault on a nonfamily member.

**IT IS THEREFORE ORDERED THAT** Defendant's "Motion to Request 2nd Federal Detention Hearing" (Doc. 72) is **DENIED**.

Signed: November 7, 2023

W. Carleton Metcalf
United States Magistrate Judge