IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:23-CR-00013-MR-WCM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| PAUL GORDON DAY, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on multiple letters ("Letters") Docs. 67, 68, 69, 78, submitted by Defendant *pro se*, which the Court will construe as motions, as well as a *pro se* "Motion for 2nd Federal Detention Hearing," Doc. 79, also submitted by Defendant. A hearing on these filings was conducted on November 22, 2023. The Government was represented by Assistant United States Attorney David Thorneloe. Defendant, who is representing himself, appeared with his standby counsel, Joshua D. Nielsen. During that proceeding, the Court ruled on certain issues and took others under advisement. This Order now follows.

I. Relevant Background

Defendant appeared with counsel at his initial appearance on February 27, 2023 and remained represented until October 24, 2023, at which time the Court granted Defendant's request to represent himself. Standby counsel was also appointed for him. Doc. 64.

1

The Letters and the Motion were filed subsequently, on October 30, 2023, November 2, 2023, November 9, 2023, and November 13, 2023.

## II. Discussion

Defendant's filings raise the following issues.

### A. Defendant's Location Prior to Trial Generally

Defendant asks to be transferred from the Swain County Detention Center, where he is currently housed, to the Buncombe County Detention Center. Docs. 67, 68. Defendant states that the Buncombe County Detention Center is closer to the federal courthouse, "which would make a trip much easier for any 'stand-by' counsel or U.S. attorney." Doc. 67.

The Government previously requested that Defendant be detained pending trial. That request was allowed and Defendant was remanded to the custody of the Attorney General or the Attorney General's designated representative. Doc. 11. Specifically, Defendant is in the custody of the United States Marshals Service ("USMS"). Defendant has cited no authority that indicates the Court may, or should, direct where the USMS houses Defendant pending trial. See e.g., United States v. Boyce, No. 21-CR-30003-DWD, 2023 WL 137823, at *1 (S.D. Ill. Jan. 9, 2023) ("The Court is not aware of any authority empowering it to supplant the discretion of the USMS in its selection of where to detain [the defendant].")

Accordingly, to the extent Defendant is generally requesting that he be housed at a different location pending trial, his request is denied.

### B. Access to a Law Library

Defendant states that the Swain County Detention Center does not offer him a law library or access to a telephone. Doc. 67.

During the hearing, however, Defendant stated that he does have access to legal materials, though for 45 minutes a day "if that." Further, standby counsel advised that he has met with Defendant multiple times and that additional visits are planned.

The Supreme Court has noted that "federal appellate courts have split on whether [Faretta v. California, 422 U.S. 806 (1975)], which establishes a Sixth Amendment right to self-representation, implies a right of the *pro se* defendant to have access to a law library." Kane v. Garcia Espitia, 546 U.S. 9, 10 (2005) (comparing cases).

However, the Fourth Circuit has observed, albeit in an unpublished opinion, that the "government must provide a criminal defendant with access to an adequate law library or adequate access to counsel, but not both" and that "[w]here a defendant has elected to proceed pro se in a criminal case, he can be required to rely on standby counsel to overcome any research handicaps due to incarceration." United States v. Neely, 63 F. App'x 671, 672–73 (4th Cir. 2003) (unpub.) (citations omitted); see also United States v. Chatman, 584 F.2d

3

1358, 1360 (4th Cir. 1978) (rejecting argument that, under Bounds v. Smith, 430 U.S. 817 (1977), defendant who had refused the assistance of counsel had a right to access to legal matters to prepare his defense and the government had an obligation to provide such access).

In addition, the information provided to the Court in this case indicates that while Defendant seeks *greater* access to legal materials, Defendant does have *some* access to this information, both directly and through standby counsel.

Accordingly, and based on the current record, Defendant's request for an order directing that he be given additional access to legal materials is denied. However, given the lack of substantive argument and briefing regarding this issue, this ruling is without prejudice and does not prohibit Defendant from making a renewed request for additional access to legal materials. Any such renewed request, though, should be supported by legal authorities and sufficient factual information. Standby counsel is specifically authorized to assist Defendant with the preparation and submission of any such renewed request, if appropriate.

### C. Cruel and Unusual Punishment

Defendant alleges that he has experienced "cruel + unusual punishment" at the Swain County Detention Center. Docs. 67, 68, 69.

"Confinement conditions of pretrial detainees are to be evaluated under the [D]ue [P]rocess [C]lause rather than under the [E]ighth [A]mendment." Futrell v. Hardy, 914 F.2d 248 (table) (4th Cir. 1990) (unpub.) (citing Bell v. Wolfish, 441 U.S. 520, 535 n.16 (1979)); King v. Wright, No. 0:17-705-JMC-PJG, 2017 WL 2484920, at *2 (D.S.C. May 22, 2017) ("Claims of pretrial detainees against detention center officials regarding conditions of confinement are evaluated under the Due Process Clause of the Fourteenth Amendment rather than under the Eighth Amendment's proscription against cruel and unusual punishment.") (citing Bell, 441 U.S. at 535 n.16; Martin v. Gentile, 849 F.2d 863, 870 (4th Cir. 1988)).

Here, Defendant does not explain how such a claim may be addressed in the context of this criminal action. Accord United States v. Henson, No. 1:23-CR-00028-MR, 2023 WL 5826970, at *1 (W.D.N.C. Sept. 8, 2023) (finding motion to transfer from state custody to federal custody to be procedurally improper and stating that to the extent the defendant was challenging the adequacy of the medical care he was receiving, such a claim was redressable through the filing of an action pursuant to 42 U.S.C. § 1983).

### D. Review of Evidence

In one of his Letters, Defendant asks the Court to "make sure the prosecution tenders full dash + body cam footage" and audio footage. Doc. 67. In another, Defendant asks that he be given "full electronic access to discovery,

5

police dash + body cams + the suppression hearing. Basically, everything on record." Doc. 78.

However, Defendant's Letter filed on November 13, 2023, Doc. 79, and his statements during the hearing indicate that he now has been given a chance to review the Government's evidence. What remains is Defendant's request that he be given access to a computer in order to prepare for trial.

During the hearing, Mr. Nielsen described some requirements and restrictions at the Swain County Detention Center; for example, Mr. Nielsen must load video files that he wishes to show Defendant onto his computer in advance of going to the detention center, and he must schedule appointments to meet with Defendant. While these requirements may be inconvenient, the current record does not show that Defendant has been prohibited from reviewing the evidence against him or from meeting with his standby counsel.

Accordingly, and based on the current record, Defendant's request for an order directing that he be given access to computer equipment is denied. However, this ruling is without prejudice and does not prohibit Defendant from making a renewed request for such computer access. Any such renewed request, though, should be supported by legal authorities and sufficient factual information. Standby counsel is specifically authorized to assist Defendant with the preparation and submission of any such renewed request, if appropriate.

### E. "Motion for 2nd Federal Detention Hearing"

Through a previous Motion, which was filed on November 3, 2023, Defendant requested a "2nd Federal Detention Hearing." Doc. 72. The Government responded in opposition on November 7, 2023. Doc. 76. Later that day, the Motion was denied by written Order. Doc. 77.[1]

Defendant has now filed a similar motion, Doc. 79, which indicates that Defendant would like to have his previously-held detention hearing re-opened so that he can make arguments about the weight of the Government's evidence, which he viewed on November 3.

To the extent the instant Motion is a request for reconsideration of the Court's denial of Defendant's prior request that his detention hearing be re-opened, it is denied.

To the extent the instant Motion is a new request for the re-opening of Defendant's prior detention hearing, it is likewise denied. Even if the information Defendant cites is deemed to have been unknown to him at the time of his previous hearing, this information does not, in light of the totality of the evidence that was presented, including the items found in Defendant's vehicle when he was arrested and his alleged brandishing of a firearm during

---

[1] Subsequently, on November 15, 2023, Defendant filed "Objections to Govt's Response in Opposition to the Defendant's Motion for Reconsideration of Detention." Doc. 81. The undersigned has reviewed the Objections and finds that they do not require that the Court's November 7 ruling be disturbed.

7

the subject robbery, have a material bearing on the Court's prior detention decision.

**IT IS THEREFORE ORDERED** that Defendant's requests, as stated in his *pro se* filings (Docs. 67, 68, 69, 78, 79), are **DENIED** as stated herein.

Signed: November 28, 2023

W. Carleton Metcalf
United States Magistrate Judge