IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:23-cr-00013-MR-WCM

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| **PAUL GORDON DAY,** | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Defendant's Motions to Suppress [Docs. 33, 34, 35, 36]; the Magistrate Judge's Memoranda and Recommendations regarding those motions [Docs. 73, 74, 75]; and the *pro se* Defendant's "Objections to the Magistrate Judge's Memorandum and Recommendation (Phone Location)" [Doc. 80].

On February 8, 2023, the Defendant Paul Gordon Day was charged in a Bill of Indictment with one count of bank robbery, in violation of 18 U.S.C. § 2113, and one count of using and possessing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii), in relation to the robbery of the PNC Bank in Asheville, North Carolina. [Doc. 1]. On July 21, 2023, the Defendant through his appointed counsel, filed four motions to suppress, seeking to suppress: evidence obtained through the use of a GPS

tracking device to monitor the Defendant's location ("GPS Tracker") [Doc. 33]; evidence obtained from the search of the Defendant's car on November 10, 2022 ("Vehicle Search") [Doc. 34]; evidence obtained from the search of the Defendant's phone location data on December 19, 2022 ("Phone Location") [Doc. 35]; and evidence obtained from the search of the Defendant's hotel room on November 10, 2022 ("Hotel Search") [Doc. 36]. On September 28, 2023, the Honorable W. Carleton Metcalf, United States Magistrate Judge, conducted an evidentiary hearing on the motions to suppress.[1] On November 6, 2023, the Magistrate Judge issued three separate Memoranda and Recommendations regarding the pending suppression motions. [Docs. 73, 74, 75]. The Defendant timely filed Objections only to the Memorandum and Recommendation addressing his motion to suppress the phone location data, evidence which the Government contends confirms the Defendant's presence at both the robbery of the PNC Bank in Asheville, North Carolina in November 2022 and the robbery of the First Community Bank in Chesterfield, Virginia in September 2022. [Doc. 80].

---

[1] Subsequent to these hearings, the Defendant requested to represent himself, which the Court allowed. [Doc. 64].

In his Objections, the Defendant takes issue with the characterization of certain facts[2] relied upon in the search warrant application for the phone location data. [Doc. 80 at 1-2]. While the Defendant takes issue with the inclusion of certain individual facts in the search warrant application, it is not necessary for the Court to determine whether these individual facts, standing alone, provided probable cause for the issuance of the warrant. As the Magistrate Judge correctly concluded, the totality of the relevant circumstances presented to the magistrate provided ample probable cause to believe that evidence of the Defendant's crimes would be found in the cell-site location information recorded by T-Mobile. The Defendant's objections in this regard, therefore, are overruled.

The Defendant also argues that the search warrant application for cell-site location information was "plainly illegal" in that the investigating agent already had "tower dump" records indicating that the Defendant's cell phone was near the site of the First Community Bank robbery. [Doc. 80 at 2].

---

[2] Specifically, the Defendant challenges the inclusion in the search warrant application of references to: the Defendant's purported confession to the "Asheville robbery"; the statements of the Defendant's father identifying the Defendant by certain articles of clothing in surveillance video from the First Community Bank crime scene; and the agent's characterization of the area around the subject cell towers as being "sparsely populated."

3

The Defendant's argument is without merit. The investigating officer previously had obtained a search warrant for T-Mobile cell tower dump records from the area surrounding the First Community Bank at the time it was robbed.[3] One of the cell phone IMEI[4] numbers disclosed by T-Mobile in those tower dump records matched the cell phone IMEI number on the phone recovered from the Defendant ollowing the PNC Bank robbery in Asheville. Using that information and other evidence obtained during the investigation, the investigating officer then sought authorization to seize and review more extensive data regarding the Defendant's cell phone for the period of September 1, 2022 through November 9, 2022. There was nothing illegal in the use of the tower dump records to seek a warrant specifically targeting more extensive information about the Defendant's individual cell phone. This objection is also overruled.

Upon conducting a *de novo* review of the Memoranda and Recommendation, the Court finds that the Magistrate Judge's proposed findings of fact are correct and that the proposed conclusions of law are consistent with current case law. Accordingly, the Court hereby overrules

---

[3] The Defendant does not challenge the lawfulness of that search warrant.

[4] IMEI stands for "International Mobile Equipment Identity."

the Defendant's Objections and accepts the Magistrate Judge's recommendations regarding the Defendant's Motions to Suppress.

**IT IS, THEREFORE, ORDERED** that:

(1) The Defendant's Objections to the Magistrate Judge's Memorandum and Recommendation [Doc. 80] are **OVERRULED**;

(2) The Magistrate Judge's Memoranda and Recommendations [Docs. 73, 74, 75] are **ACCEPTED**;

(3) The Defendant's Motion to Suppress (GPS Tracker) [Doc. 33] is **DENIED**;

(4) The Defendant's Motion to Suppress (Vehicle Search) [Doc. 34] is **DENIED**;

(5) The Defendant's Motion to Suppress (Phone Location) [Doc. 35] is **DENIED**; and

(6) The Defendant's Motion to Suppress (Hotel Search) [Doc. 36] is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Signed: December 19, 2023

Martin Reidinger
Chief United States District Judge