# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### CRIMINAL CASE NO. 1:23-cr-00013-MR-WCM-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM OF** |
| vs. | ) | **DECISION AND ORDER** |
| | ) | |
| PAUL GORDON DAY, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Defendant's pro se Amended

Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence

by a Person in Federal Custody [Doc. 171].[1]

## I.      BACKGROUND

The Defendant Paul Gordon Day was charged with bank robbery by

force or violence, in violation of 18 U.S.C. § 2113(a), (d) (Count One); and

brandishing a firearm in furtherance of a crime of violence, in violation of 18

U.S.C. § 924(c)(1)(A)(ii) (Count Two).  [Doc. 1: Indictment].

The Defendant was permitted to represent himself following a hearing

in which a magistrate judge specifically found that no competency hearing

---

[1] The Court will instruct the Clerk to terminate the original Motion to Vacate [Doc. 165], which has been superseded.

was required and that the Defendant had been fully advised of the potential penalties that he faced if convicted. [See Doc. 64]. The federal defender's office was directed to appoint standby counsel. [Id.; see Doc. 88 (denying a request to have standby counsel removed)].

After the Defendant's Motions to Suppress were denied, the matter proceeded to a jury trial. [See Doc. 97]. The Defendant was convicted as charged. [Doc. 106: Verdict].

A Presentence Investigation Report ("PSR") was prepared in advance of sentencing. The PSR assigned a base offense level of 20 for Count One. [Doc. 120: PSR at ¶ 20]. Two levels were added pursuant to U.S.S.G. § 2B3.1(b)(1) because the offense involved taking property from a bank, and two additional levels were added pursuant to § 2B3.1(b)(2)(B) because a person was physically restrained to facilitate commission of the offense or the escape. [Id. at ¶¶ 21, 22]. This resulted in an adjusted offense level amd total offense level of 24, which when combined with a criminal history category of III, resulted in an advisory guidelines range of 63 to 78 months for Count One. [Id. at ¶ 70]. Count Two carried a minimum term of imprisonment of at least seven years, consecutive to any other counts. [Id. at ¶¶ 68, 69]. The Defendant did not file any objections to the PSR.

The Defendant appeared at the sentencing hearing along with standby counsel. [See Doc. 150: Sentencing Hearing Tr.]. The Defendant indicated that he understood the sentencing procedure and that he would be able to abide by each step. [Id. at 3-4]. The Defendant further agreed that he had seen the PSR and understood its contents; that the guideline calculation was accurate; and that he had no objections to such calculation. [Id. at 5-7].

Citing the seriousness of the offenses and the impact on victims, the Government advocated for a sentence of 147 months' imprisonment, consisting of a low-end guideline sentence of 63 months on Count One and the mandatory minimum consecutive sentence of 84 months on Count Two. [Id. at 11-13]. The Defendant, in turn, argued that certain mitigating factors, particularly the state of the economy at the time of his offenses, warranted "a substantial downward departure and even a release of the usual mandatory seven-year minimum for the firearms conviction…." [Id. at 8]. The Court rejected the Defendant's mitigation arguments, explaining as follows:

> It is somewhat ironic here that the defendant here is making the argument about how the state of the economy is a mitigating factor when the offense that is committed here – namely, the bank robbery – is something that further erodes the economy.
> …
> I've taken into account – and I've listened to the argument made by the defendant regarding the mitigation that he argues

3

for the state of the economy and sort of interpolating from what has been expressed by the defendant, I take it that he is talking about his own personal economic distress as it existed at the time of the robbery.

But as pointed out by the Assistant United States Attorney, under 5K2.12, the Sentencing Commission makes clear that the economic distress of a defendant is, in essence, not a mitigating factor with regard to a sentence. If it were, it would create the situation where someone who is of few economic means has a right to a lesser sentence than someone who has greater economic means and that would be an unwarranted sentencing disparity.

So the argument – while I understand why the defendant, as a layperson – even though apparently he has a law degree from an accredited law school, but even though he's making this argument – and I understand what he may see as the logic behind it – the logic behind the sentencing statute and the Sentencing Guidelines runs directly counter to that logic. And therefore, that argument of necessity has been dismissed entirely.

[Id. at 19-20].

Accordingly, after considering the § 3553(a) factors, the Court sentenced the Defendant to 63 months' imprisonment for Count One and 84 months' imprisonment for Count Two, consecutive to Count One and to any other term of imprisonment thereafter imposed, for a total of 147 months' imprisonment. [Id. at 14-15; see Doc. 138: Judgment].

The Defendant was represented by appointed counsel on appeal. [See Fourth Cir. Case No. 24-4514, Doc. 3]. On appeal, counsel argued that there was insufficient evidence to prove that the bank was insured by the

4

FDIC at the time of the robbery; that the Court erred by denying Defendant's motion for judgment of acquittal; and that the Court abused its discretion by denying Defendant's post-trial motion for a competency evaluation. The Fourth Circuit Court of Appeals affirmed on July 24, 2025. United States v. Day, 2025 WL 2082666 (4th Cir. July 24, 2025). The Defendant filed a pro se Petition for Rehearing, which was dismissed as untimely. [See Case No. 24-4514, Docs. 34, 35].

The Defendant filed the original Motion to Vacate on February 23, 2026.[2] [Doc. 165]. The Motion to Vacate was seriously deficient and the Court ordered the Defendant to amend. [Doc. 167]. The Defendant filed the present Amended Motion to Vacate in which he appears to argue that: (1) the Court failed to adequately consider his mitigation arguments as required by United States v. Blue, 877 F.3d 513 (4th Cir. 2017); and (2) the Defendant was unaware of Blue at sentencing, through no fault of his own, due to his incarceration and an inadequate law library. [Doc. 171]. The Defendant does not request any relief.[3] [Id. at 13].

---

[2] The Court relies on the docketing date because the Defendant does not certify the date upon which he placed his petition in the prison's mail system. See Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Rule 3(d), 28 U.S.C.A. foll. § 2255 (addressing inmate filings).

[3] The Court declines to order the Defendant to correct this deficiency because such would not affect the Court's determination.

5

## II.    STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."  28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings ..." in order to determine whether the Defendant is entitled to any relief on the claims set forth therein.  After examining the record in this matter, the Court finds that the arguments presented by Defendant can be resolved without an evidentiary hearing based on the record and governing case law.  See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III.    DISCUSSION[4]

---

[4] The Court declines to address procedural default.  See generally Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002) (pro se litigants are generally granted an opportunity to respond before a procedural bar is applied sua sponte).

6

A sentencing error is not cognizable on § 2255 review unless it is constitutional, jurisdictional, or amounts to a "fundamental defect which inherently results in a complete miscarriage of justice." <u>Davis v. United States</u>, 417 U.S. 333, 346 (1974). Barring "extraordinary circumstances, ... an error in the application of the Sentencing Guidelines cannot be raised in a § 2255 proceeding." <u>United States v. Pregent</u>, 190 F.3d 279, 283-84 (4th Cir. 1999); <u>United States v. Mikalajunas</u>, 186 F.3d 490, 495-96 (4th Cir. 1999) ("misapplication of the [sentencing] guidelines typically does not constitute a miscarriage of justice.").

The Defendant's sentence did not exceed the statutory maximum and he does not identify any fundamental defect that resulted in a miscarriage of justice. The Defendant's claims that the Court erred in failing to fully consider his mitigation arguments on the record or to grant him a substantial downward departure are not cognizable claims under Section 2255. These claims are, therefore, dismissed.

Even if these claims were cognizable on § 2255 review, they would be denied on the merits. For a sentence to be procedurally reasonable "a sentencing court must place on the record an 'individualized assessment' based on the particular facts of the case before it." <u>Blue</u>, 877 F.3d at 518 (quoting <u>United States v. Lynn</u>, 592 F.3d 572, 576 (4th Cir. 2010)); <u>see also</u>

7

United States v. Montes-Pineda, 445 F.3d 375, 380 (4th Cir. 2006) ("District courts are obligated to explain their sentences, whether those sentences are within or beyond the Guidelines range ...."). This includes an adequate discussion of a defendant's nonfrivolous arguments for a downward departure. Id.

While the Defendant contends that the Court failed to adequately consider his mitigation arguments, the record is clear that the Court exhaustively addressed these arguments at sentencing, noting that they were unpersuasive and that they were specifically contrary to U.S.S.G. § 5K2.12. [Doc. 150 at 19-20]. The Court fully explained its sentencing decision, including an application of the § 3553(a) factors, the Sentencing Guidelines, and the statutory requirements. The Defendant has identified no nonfrivolous grounds for departure that the Court neglected to address adequately. The Defendant's disagreement with its denial of a downward departure is insufficient. Accordingly, even if these claims were properly before the Court, they would be denied on the merits.

Finally, it appears that the Defendant may be attempting to argue that the Court would have granted a downward departure sentence had Defendant known about Blue at the time of sentencing. This is, in essence, a claim of ineffective assistance of counsel. See generally Strickland v.

8

<u>Washington</u>, 466 U.S. 688 (1984). The Defendant is prohibited from asserting such a claim because he chose to represent himself at sentencing. <u>See</u> <u>Faretta v. California</u>, 422 U.S. 806, 835 n.46 (1975) (noting that "a defendant who elects to represent himself cannot thereafter complain that the quality of his own defense amounted to a denial of 'effective assistance of counsel.'") Therefore, to the extent that the Defendant is complaining of the quality of his own defense, such claim is dismissed and denied.

## IV. CONCLUSION

For the reasons stated herein, the Defendant's Amended Motion to Vacate is dismissed and denied.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. <u>See</u> 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

9

## **ORDER**

**IT IS, THEREFORE, ORDERED** that the Defendant's Amended Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. 171] is **DISMISSED AND DENIED.**

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

The Clerk is instructed to **TERMINATE** the Motion to Vacate [Doc. 165], which has been superseded.

**IT IS SO ORDERED.**

Signed: April 25, 2026

Martin Reidinger
Chief United States District Judge

10